# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2583 | **DATE** | 9/2/2008 |
| **CASE TITLE** | King Vision Pay Per View, Ltd. vs. Cuello | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for prove up [#13] is granted subject to the court's reduction of the amount of damages asserted by plaintiff. Judgment is entered in favor of the plaintiff and against the defendants in the amount of $7,081.25. Civil Case Terminated. (See statement below.)

■[ For further details see text below.]　　　　Notices mailed by Judicial staff.
　　　　*Mail AO 450 form.

# STATEMENT

Statement:
Plaintiff submitted a motion for prove up and a proposed order for entry of judgment against defendants. After review of the plaintiff's motion, the court has determined that the $170,000 in "statutory liquidated damages" to which the plaintiff asserts it is entitled have not been substantiated and are not appropriate in this case.

In its motion, plaintiff asserts that "the Communications Act of 1934, 47 U.S.C. § 151 *et seq.* as amended by the Cable Communications Policy Act of 1984, 47 U.S.C. § 521 *et seq.* and the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* . . . provide[] for statutory liquidated damages to wit: a) Sixty Thousand ($60,000.00) Dollars for each violation of Section 553 of the Cable Communications Act; b) One Hundred Ten Thousand ($110,000.00) Dollars for each violation of Section 6504 [*sic*] of the Copyright Act." Pl.'s Mot. at 1. Summing these two figures and multiplying them by the alleged "one (1) violation," the plaintiff arrives at a total of $170,000 in "[s]tatutory liquidated damages." *Id.* at 2. In its motion for prove up, plaintiff does not cite the particular statutory provisions on which it relies for these "statutory liquidated damages" figures. In its complaint, however, plaintiff cites:

　　(1) 47 U.S.C. § 605(e)(3)(C)(i)(II) as entitling plaintiff to statutory damages from each defendant in the amount of $10,000;
　　(2) 47 U.S.C. § 605(e)(3)(C)(ii) as entitling plaintiff to statutory damages from each defendant in the amount of $100,000;
　　(3) 47 U.S.C. § 553(c)(3)(A)(ii) as entitling plaintiff to statutory damages from each defendant in the amount of $10,000; and
　　(4) 47 U.S.C. § 553(c)(3)(B) as entitling plaintiff to statutory damages from each defendant in the amount of $50,000.

Pl.'s Compl. at 4–5.


**STATEMENT**

Preliminarily, the court notes that "it is well-established, although not acknowledged by plaintiff, 'that a claimant who establishes liability under both 47 U.S.C. §§ 553 and 605 may only recover damages under one section.'"[1] *Garden City Boxing Club, Inc.* v. *Frezza*, 476 F. Supp. 2d 135, 138 (D. Conn. 2007) (quoting *Kingvision Pay-Per-View Ltd. v. Palaguachi*, No. 06 CV 2509, 2007 WL 42994, at *2 n.1 (E.D.N.Y. Jan. 3, 2007)). Thus, because § 605 provides for greater maximum damages, the court will consider award of damages under that section only. *See Garden City Boxing Club*, 476 F. Supp. 2d at 138; *see also Entm't by J & J, Inc.* v. *Montecinos*, No. C 01-4242, 2002 WL 1735384, at *1 n.1 (N.D. Cal. July 25, 2002) (quoting *Kingvision Pay-Per-View, Ltd.* v. *Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal.2000) ("Where a plaintiff establishes that a defendant has violated both § 553(a) and § 605(a), in the absence of 'unusual or particularly egregious circumstances,' district courts have imposed damages under § 605 only.")). The third and fourth bases for statutory damages proposed by plaintiff will therefore not be accepted by the court.

Furthermore, regarding plaintiff's first and second bases for "statutory liquidated damages," the court notes the following additional inadequacies in plaintiff's recitation of the relevant statutes.[2] First, 47 U.S.C. § 605(e)(3)(C)(i)(II) provides, in relevant part, that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of *not less than $1,000 or more than $10,000, as the court considers just*." *Id.* (emphasis added). Second, 47 U.S.C. § 605(e)(3)(C)(ii) provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, *the court in its discretion may increase* the award of damages, whether actual or statutory, by an amount of *not more than $100,000* for each violation of subsection (a) of this section." *Id.* (emphasis added). Thus, when plaintiff stated in its motion that these statutes "provide[] for statutory liquidated damages" of $110,000, it failed to acknowledge that these are in fact the *maximum possible* damages for a violation under the cited provisions, which specifically provide that the actual damages are to be awarded in an amount that the court considers just.

In determining an award for damages under §605(e)(3)(C)(i), courts "have used a variety of methods to calculate damages under section 605, including (1) assessing the maximum statutory rate, (2) estimating the amount of services the defendant pirated and applying a multiplier to that figure, (3) adopting the plaintiff's estimate of the amount of services pirated, and (4) where there has been no evidence of the plaintiff's actual usage or commercial advantage, applying the statutory minimum for each pirated device. . . . Other courts have considered the following factors: the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose. . . . Moreover, [s]ome courts have awarded flat amounts when calculating damages whereas [o]ther courts have assessed damages by multiplying the number of patrons who viewed the event by the amount an individual would pay to view the program at home on a pay-per-view channel." *Garden City Boxing Club*, 476 F. Supp. 2d at 139 (citations and internal quotation marks omitted).

Here, the plaintiff's affidavit indicates only that defendants displayed the pay-per-view event on one television at defendants' restaurant to an audience of fifteen people. *See* Dkt. No. 13-2, at 2–4. The plaintiff has not alleged that defendants obtained any particular financial gain from the violation. In determining whether defendants' conduct was willful, the court has researched the various methods of obtaining a cable transmission of a pay-per-view event such as the one at issue in this case. Based on the limited methods of obtaining the signal and the great unlikelihood that a commercial establishment would receive such a signal fortuitously, the court finds that defendant's violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. *See Kingvision Pay-Per-View, Ltd.* v. *Admiral's Anchor, Inc. No. 2*, 172 F. Supp. 2d 810, 812 (S.D.W.V. 2001); *see also J & J Sports Prods., Inc.* v. *Peralta*,

**STATEMENT**

No. 07-CV-3616, 2008 WL 495542, at *6 (E.D.N.Y. Feb. 20, 2008) (noting that "there is no way that the defendants could have inadvertently intercepted plaintiff's broadcast"). Taking into account awards granted by other courts under comparable circumstances, the court finds that an award of $1,500 in statutory damages plus $3,000 for the willful nature of defendant's violation, as well as attorney's fees and expenses in the amount of $2,581.25, is fair and just, in light of all of the circumstances. *See, e.g., Garden City Boxing Club, Inc.* v. *Polanco*, No. 05 CV 3411, 2006 WL 305458, at *5 (S.D.N.Y. Feb. 7, 2006). Such an award should serve as an adequate deterrent while not being unduly onerous for the defendants.

The court therefore enters judgment in favor of the plaintiff and against the defendants in the amount of $7,081.25.

1. This is not the first time that this court has brought this issue to the attention of plaintiff's counsel, Zane Smith. Indeed, the court made this same observation in response to a virtually-identical motion for prove-up that Mr. Smith brought less than six months ago in a separate case on behalf of a different plaintiff. *See J&J Sports Prod., Inc.* v. *Barrera*, No. 07 C 3031, Minute Order, Dkt. No. 26 (N.D. Ill. April 4, 2008). Nevertheless, Mr. Smith has made the same misleading statements of law in his present motion for prove-up as he did then, asserting that plaintiff is entitled to the damages provided under both statutes.

2. As with the issue discussed above in footnote 1, this is not the first time that this court has brought this issue to the attention of plaintiff's counsel. Again, the court made this same observation in response to a virtually-identical motion for prove-up that Mr. Smith brought less than six months ago in a separate case on behalf of a different plaintiff. *See J&J Sports Prod., Inc.* v. *Barrera*, No. 07 C 3031, Minute Order, Dkt. No. 26 (N.D. Ill. April 4, 2008). And once again, Mr. Smith has made the same misleading statements of law in his present motion for prove-up as he did then, implying that the statute requires $110,000 in "statutory liquidated damages" for each violation of §605, when in fact that is the *maximum possible* damages allowed under the statute.